UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ANN MARIE TRUSSO,

                      Plaintiff,

         -vs-                                  07-CV-446C

VISITOR HOSPITALITY SERVICE, INC.,
d/b/a GRAY LINE OF NIAGARA FALLS,
and DANIEL GUIDO,

                      Defendants.

---

        Plaintiff commenced this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 20003, *et seq.*, the New York State Human Rights Law, and state common law, with the filing of a complaint on July 6, 2007 (Item 1). Defendants failed to answer, and plaintiffs obtained a Clerks' Entry of Default on August 7, 2007 (Item 5). On August 8, 2007, plaintiffs filed a motion for default judgment (Item 6). On August 24, 2007, defendants filed an answer to the complaint (Item 8) and a response to the motion for default judgment (Item 9). Defendants oppose the motion on the grounds that default was not willful and that there is a meritorious defense to the suit.

        Fed. R. Civ. P. 55(c) provides that the court may set aside an entry of default "[f]or good cause shown. . . ." The factors to be considered in deciding whether to relieve a party of a default under Rule 55(c) are: (1) whether the default was willful, (2) whether setting it aside would prejudice the adversary, and (3) whether a meritorious defense is presented. *Commercial Bank of Kuwait v. Rafidain Bank*, 15 F.3d 238, 243 (2d Cir.1994). "Default judgments 'are generally disfavored and are reserved for rare occasions.'" *State*

*St. Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 168 (2d Cir. 2004), *cert. denied,* 543 U.S. 1177 (2005) (quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993) ("[W]hen doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party.")).

Here, the court finds that the default entered against defendants should be set aside. Resolving all doubt in favor of the defaulting party, there is no basis to conclude that the default was willful. Defense counsel, who had previously represented the defendants in a proceeding before the New York State Division of Human Rights, forwarded the complaint to defendants' insurance carrier. Defendants' request for an extension of time in which to answer the complaint then crossed in the mail with plaintiff's motion for a default judgment. When the carrier denied coverage, defense counsel advised plaintiff's counsel that he would appear on behalf of the defendants and promptly filed an answer to the complaint. Additionally, defendants have interposed a meritorious defense to the action, in that they allege that plaintiff never advised defendant that she was ready, willing, or able to return to work. Finally, the court sees no prejudice to plaintiff in compelling her to prove her case on the merits.

Accordingly, the motion for a default judgment is denied, and the default is set aside. The court will conduct a telephone conference on Wednesday, November 14, 2007 at 10:00 a.m. to set a further schedule. At that time, the parties should be prepared to address the plaintiff's assertion in her reply papers that the corporate defendant is seeking to dissipate its assets.

So ordered.

_____\s\ John T. Curtin\_\_\_\_\_
JOHN T. CURTIN
United States District Judge

Dated: October    2    , 2007
p:\pending\2007\07-446.sept1707